**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION**

| | |
|---|---|
| KURT SUTTON, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )    **Cause No. 1:24-cv-00276-HAB-SLC** |
| | ) |
| AGENTRA, *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## OPINION AND ORDER

On July 10, 2024, Defendant Transamerica Corporation ("Transamerica") removed this action to federal court from the Grant County Superior Court, alleging diversity of citizenship as the basis for jurisdiction under 28 U.S.C. § 1332. (ECF 1). "When a civil action is removed solely under [28 U.S.C. §] 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). Here, however, there is no evidence that Defendant Agentra consented to the removal.

Furthermore, subject matter jurisdiction is the first issue that must be addressed upon removal, *Baker v. IBP, Inc.*, 357 F.3d 685, 687 (7th Cir. 2004), and thus, the Court raises the issue *sua sponte*, pursuant to Federal Rule of Civil Procedure 12(h)(3). Transamerica's allegations pertaining to Plaintiff's and Defendant Agentra's citizenships are inadequate for purposes of establishing diversity jurisdiction.

The Notice of Removal recites: "As alleged in the Complaint, Plaintiff is a citizen of Indiana." (ECF 1 ¶ 4). But the complaint alleges no such thing. It states, rather, that Plaintiff "is an Indiana resident . . . ." (ECF 6 ¶ 1). "[R]esidence may or may not demonstrate citizenship, which depends on domicile—that is to say, the state in which a person intends to live over the

long run. An allegation of 'residence' is therefore deficient." *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) (collecting cases); *see also Winforge, Inc. v. Coachmen Indus., Inc.*, 691 F.3d 856, 867 (7th Cir. 2012). The Court must be informed of Plaintiff's domicile.

The Notice of Removal further recites: "As alleged in the Complaint, Defendant Agentra is a citizen of Texas." (ECF 1 ¶ 3). Again, the complaint does not state this. It merely alleges that Agentra "is a Texas-based agent or 'middleman' company" with a "primary address" in Texas. (ECF 6 ¶ 2). Transamerica must inform the Court whether Agentra is a sole proprietor, partnership, limited liability company (LLC), or corporation, and determine its citizenship accordingly. If Agentra is a sole proprietor, then its citizenship is that of its operator. *See Lyerla v. Amco Ins. Co.*, 461 F. Supp. 2d 834, 836 (S.D. Ill. 2006). If it is an unincorporated association such as an LLC or partnership, then its citizenship is that of its members or partners (who must be identified by name), tracing such members' or partners' citizenship through all applicable layers of ownership to ensure that no member shares a common citizenship with Plaintiff. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004). If Agentra is a corporation, then it is a citizen both of the state in which it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *N. Tr. Co. v. Bunge Corp.*, 899 F.2d 591, 594 (7th Cir. 1990).

As the party seeking to invoke federal diversity jurisdiction, Transamerica must comply with the procedural requirements of removal and bears the burden of demonstrating that the requirement of complete diversity has been met. *Chase v. Shop 'N Save Warehouse Foods, Inc.*,

110 F.3d 424, 427 (7th Cir. 1997). It has not yet done so. As an additional matter, Transamerica's corporate disclosure statement (ECF 4) filed on July 10, 2024, is deficient under Federal Rule of Civil Procedure 7.1(a)(2) and this Court's General Order 2023-06.

Therefore, Transamerica is AFFORDED to and including July 29, 2024, to file: (1) a signed consent to removal by Agentra, (2) a supplemental jurisdictional statement that adequately alleges Plaintiff's and Defendant Agentra's citizenships for diversity jurisdiction purposes, and (3) an amended corporate disclosure statement that complies with Rule 7.1(a)(2) and General Order 2023-06. In turn, Plaintiff and Defendant Agentra are each ORDERED to file their own disclosure statements in accordance with Rule 7.1(a)(2) on or before July 29, 2024.[1]

SO ORDERED.

Entered this 15th day of July 2024.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge

---

[1] If Agentra is, in fact, a corporation, its disclosure statement must also satisfy the requirements of General Order 2023-06.