UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| KURT SUTTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:24-cv-00276-HAB-SLC |
| | ) |
| AGENTRA, LLC, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

On November 1, 2024, Plaintiff filed a second motion to amend his complaint (ECF 44), together with a proposed second amended complaint (ECF 44-1), seeking to amend his complaint to add a state-law claim of conversion against Defendants. Defendant Transamerica Life Insurance Company ("Transamerica") filed a response in opposition to the motion, asserting that the motion should be denied as untimely and futile. (ECF 45).[1] Plaintiff has not filed a reply brief to the motion, and his time to do so has now passed. N.D. Ind. L.R. 7-1(d)(3). For the following reasons, the motion to amend will be GRANTED.

*A. Applicable Law*

Under Federal Rule of Civil Procedure 15(a)(2), a party must seek the Court's leave or the written consent of the opposing party when the moving party can no longer amend the pleadings as a matter of right. Fed. R. Civ. P. 15(a)(2). The Court "should freely give leave [to amend] when justice so requires[,]" *id.*, and "the decision as to whether to grant a motion to amend a complaint is entrusted to the sound discretion of the trial court[,]" *Cohen v. Ill. Inst. of Tech.*, 581 F.2d 658, 661 (7th Cir. 1978) (citations omitted). "Courts are to use their discretion under Rule 15(a) to liberally grant permission to amend pleadings so long as there is not undue

---

[1] Defendant Agentra, LLC, has not filed a response to the motion, and therefore, it apparently does not oppose the motion.

prejudice to the opposing party or undue delay, bad faith[,] or dilatory motive on the part of the movant." *Sides v. City of Champaign*, 496 F.3d 820, 825 (7th Cir. 2007) (citations omitted).

*B. Analysis*

Transamerica first argues that Plaintiff's motion to amend should be denied due to untimeliness, asserting that Plaintiff failed to produce new information to justify the "late amendment." (ECF 45 at 2 (citation and quotation mark omitted)). But Plaintiff filed the motion on November 1, 2024, in advance of his November 15, 2024, deadline to seek leave of Court to amend the pleadings. (ECF 41). Therefore, the motion is timely filed under the Court's Rule 16(b) Scheduling Order. (*See* ECF 41). Nor is there any indication that Plaintiff unduly delayed in filing the motion under Rule 15, given that the Court held the preliminary pretrial conference less than two months prior to Plaintiff filing the motion. As a result, Transamerica's objection based on untimeliness is unfounded.

Transamerica also argues that Plaintiff's motion should be denied based on futility. In that regard, Transamerica contends that Plaintiff fails to allege that Transamerica exerted control over his property, which it claims is a necessary element of a conversion claim. (ECF 45 at 3).

"Futility, in the context of Rule 15, refers to the inability to state a claim, not the inability of the plaintiff to prevail on the merits." *Robinson v. Lipps*, No. 1:12-cv-1-1170-JMS-MJD, 2013 WL 618802, at *1 (S.D. Ind. Feb. 19, 2013) (citing *Bower v. Jones*, 978 F.2d 1004, 1008 (7th Cir. 1992)). "Unless it is *certain* from the face of the complaint that any amendment would be futile or otherwise unwarranted, the district court should grant leave to amend . . . ." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519-20 (7th Cir. 2015) (citation omitted).

"[T]he Seventh Circuit has stated that denying a motion for leave to amend is generally disfavored . . . ." *Chen v. Yellen*, No. 3:20-CV-50458, 2021 WL 5005373, at *2 (N.D. Ill. Oct.

2

28, 2021) (citing *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010)). Further, a futility analysis here would be better addressed in a dispositive motion. "[C]ourts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Bentley v. Ariz. Dep't of Child Safety*, No. CV-17-00966-PHX-DJH, 2018 WL 8262769, at *1 (D. Ariz. Nov. 7, 2018) (collecting cases). Transamerica's argument "even if merited, remain[s] better left for full briefing on a motion to dismiss." *Id.* at *2 (collecting cases); *see Chen*, 2021 WL 5005373, at *3 ("[C]ourts around the country have found that futility arguments made in opposition to the filing of an amended complaint are often better suited for consideration in the context of a motion to dismiss . . . ." (quotation marks omitted) (collecting cases)).

Therefore, Transamerica's futility arguments would be "more appropriately raised in a motion to dismiss . . . when they can be addressed in a more concise manner." *Carteaux v. Town of Rome City*, No. 1:22-cv-00445-HAB-SLC, 2023 WL 2366964, at *2 (N.D. Ind. Mar. 6, 2023) (alteration in original) (citation and quotation marks omitted). Accordingly, the Court will not deny Plaintiff's second motion to amend based on futility, finding the argument premature at this juncture.

## C. Conclusion

For the foregoing reasons, Plaintiff's second motion to amend complaint (ECF 44) is GRANTED. Plaintiff is AFFORDED to and including December 2, 2024, to file his second amended complaint (ECF 44-1).

SO ORDERED.

Entered this 26th day of November 2024.

/s/ Susan Collins  
Susan Collins  
United States Magistrate Judge