UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| KURT SUTTON, | |
| Plaintiff, | |
| v. | CAUSE NO.: 1:24-cv-276-HAB |
| AGENTRA, LLC. et al. | |
| Defendants | |

**OPINION AND ORDER**

Plaintiff, Kurt Sutton ("Sutton"), an Indiana resident, filed suit in Indiana state court against Defendants, Agentra, LLC ("Agentra"), a Texas-based insurance broker, and the Iowa-based TransAmerica Life Insurance Company ("TransAmerica") asserting various state law claims. (ECF No. 6). Following removal to this Court on the basis of diversity jurisdiction, (ECF No. 1), Plaintiff twice amended his complaint. (ECF Nos. 36, 47). The seven-count Second Amended Complaint alleges Agentra and TransAmerica engaged in fraud, conversion, breach of contract and pleads a host of other state law claims. TransAmerica now moves to partially dismiss Sutton's conversion claim. (ECF No. 49). The parties have fully briefed the motion (ECF Nos. 50, 54, 55), making it ripe for consideration. For the reasons below, the motion will be GRANTED with LEAVE TO AMEND.

**I.      Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, or any part of it, for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When analyzing a motion to dismiss a claim under Rule 12(b)(6), the Court must accept the

complaint's factual allegations as true and view them in the light most favorable to the plaintiff. *Brokaw v. Mercer Cnty.*, 235 F.3d 1000, 1006 (7th Cir. 2000). The allegations must "give the defendant fair notice of what the…claim is and the grounds upon which it rests", and the "[f]actual allegations must be enough to raise a right to relief above the speculation level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (internal citations and quotation marks omitted). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

## II. Well-Pleaded Factual Allegations

As alleged in the Second Amended Complaint, in the summer of 2017, Sutton, age 49, was in the market for a life insurance policy. After first seeking insurance through non-party Chesapeake Insurance Company ("Chesapeake"), Sutton learned that Chesapeake did not originate or sell life insurance policies and was referred to Agentra. (Second Am. Compl., ¶ 4). Subsequently, on July 21, 2017, Agentra informed Sutton that it had set up a whole life insurance policy for him valued at $100,000 with Transamerica. (*Id.* ¶¶s 5 – 7). Agentra provided Sutton with TransAmerica identification number 155017335, which was confirmed and approved before year-end 2017. (*Id.* ¶ 7). For the next five years, Agentra withdrew premium payments for the TransAmerica life insurance policy from Sutton's bank account. (*Id.* ¶ 8).

In November 2022, Sutton contacted Agentra and inquired about the status of his policy as well as whether he could obtain a policy for his wife. (Second Am. Compl. ¶ 9). Agentra could not provide any information or confirm whether he had an existing life insurance policy purchased through Agentra, and this pattern continued for the next few months. (*Id.* ¶ 10-11). During this period, Agentra continued to withdraw monthly premium payments. (*Id* ¶ 12).

2

Based on these facts, Sutton filed suit alleging a variety of causes of action against both Agentra and TransAmerica. In response, TransAmerica moves to dismiss the conversion claim, Count II of the Second Amended Complaint.

### III.   Legal Analysis

To state a claim for conversion under IC 35-43-4-3, Sutton's complaint must allege the defendants "knowingly or intentionally exert[ed] control over [his] property." TransAmerica argues that Sutton's claim of conversion under IC 35-43-4-3 fails because he did not allege any facts stating that TransAmerica exerted control over his property, namely, the monthly insurance premium payments. Rather, TransAmerica contends that while Sutton alleges that Agentra withdrew money from his account for the life insurance premiums, he does not allege any facts suggesting that TransAmerica ever received any of that money from Agentra or even knew the withdrawals were occurring. Because the complaint is void of any allegations that satisfy the definition of conversion by TransAmerica, see *Gookins v. County Material Corp.,* No. 1:19-cv-00867, 2019 WL 6724599, at *2 (S.D. Ind., Dec. 10, 2019) (holding that a conversion claims fail as a matter of law where a defendant's "alleged actions do not satisfy the definition of… conversion"),TransAmerica argues that dismissal of the conversion count against it is required.

In response, Sutton argues that the Complaint asserts claims concerning the insurance premium money against both defendants. Sutton cites precedent regarding the factual sufficiency required for a claim to be plausible on its face, as required by *Iqbal*. Sutton emphasizes that the threshold of facial plausibility is met when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *McCauley v. City of Chicago.* 671 F.3d, 615 (7th Circ. 2011). While this is correct, Sutton fails to meet that threshold in regard to the claim of conversion against TransAmerica in the Complaint.

The facts in the Complaint do not support a conversion claim against TransAmerica. The Complaint identifies Agentra as the party responsible for withdrawing the premium payments from Sutton's bank account. Nowhere in the Complaint does Sutton allege that TransAmerica ever exerted any control over those monthly payments, a fact that is essential to this conversion claim – at least with respect to TransAmerica. While Sutton alleges in the other counts that the defendants acted together in matters such as misrepresentations and breach of duty, he explicitly states that Agentra received the money for the insurance policy premium every month. Further undermining Sutton's argument against the partial motion to dismiss, he attempts to introduce in his response brief the assertion that the premium payments were forwarded to TransAmerica. (EFC No. 54). But it is an "axiomatic rule that a plaintiff may not amend his complaint in his response brief." *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.,* 631 F.3d 436, 442 (7th Cir. 2011). A plaintiff may certainly "elaborate on his factual allegations" in an opposition brief, but any such elaborations must be "consistent with the pleadings." *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012). Here, while it would be a relevant fact, Plaintiff has not alleged in the pleadings that Transamerica ever received or possessed the premiums he paid through Agentra. To the extent this fact exists, the Plaintiff's proper course is to amend the complaint to properly assert that fact.

Simply put, based on the facts as plead, Plaintiff has not stated a plausible claim for conversion against TransAmerica in the Second Amended Complaint. For this reason, TransAmerica's motion to dismiss the conversion claim is GRANTED as it relates to TransAmerica. However, if the Plaintiff believes that a factual basis exists to assert that TransAmerica exerted unauthorized control over the premiums at issue, he is granted leave to file a Third Amended Complaint within 14 days.

**IV.    Conclusion**

For these reasons, the Transamerica's partial motion to dismiss the claim for conversion against it (ECF No. 49) is GRANTED. Plaintiff is granted 14 days to file a Third Amended Complaint to properly assert a conversion claim against Transamerica if it chooses to do so.

SO ORDERED on May 27, 2025.

s/ *Holly A. Brady*  
CHIEF JUDGE HOLLY A. BRADY  
UNITED STATES DISTRICT COURT

5